IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:04cv259

| | |
|---|---|
| LOETTA J. HAIGLER; and JAMES W. HAIGLER; ) ) ) Plaintiffs, ) ) Vs. ) ) WYETH, INC.; WYETH ) PHARMACEUTICALS, INC.; SOLVAY ) PHARMACEUTICALS, INC.; ) SMITHKLINE BEECHAM; BRISTOL- ) MYERS SQUIBB CO.; PHARMACIA & ) UPJOHN COMPANY; PFIZER INC.; ) GREENSTONE, LTD.; BARR ) PHARMACEUTICALS, INC., ) ) Defendants. ) _____ ) | MEMORANDUM AND RECOMMENDATION |

**THIS MATTER** is before the court on specially appearing defendant Bristol-Myers Squibb Company's (hereinafter "Bristol-Meyers") "Motion to Dismiss for Failure to Effectuate Service Within 120 Days, Insufficiency of Process and Service of Process, for Failure to Prosecute, and for Failure to State a Claim Upon Which Relief Can be Granted." (#3). Such motion and supporting brief were filed on May 16, 2005, and accompanied by a certificate of service indicating that such pleadings were served on counsel for plaintiffs, along with service on co-defendants through their respective agents for service of process. Local Rule 7.1(B) provides that "[r]esponse to motions, if any, shall be filed within fourteen (14) days of the date on which the motion is served, as evidenced by the certificate of service attached to said motion." L.R., W.D.N.C. 7.1(B). Review of the court's docket as of June 29, 2005, reveals that plaintiffs have failed in any manner to file a response to Bristol-Meyers motion. The undersigned will, therefore, recommend that Bristol-Meyers' motions to dismiss be granted based on plaintiff's failure to respond, and further recommend that

Bristol-Meyers' motions be granted substantively inasmuch as good cause has been shown for the proposed relief.

### FINDINGS AND CONCLUSIONS

I. **Background**

In this action, plaintiffs contend that they were injured through use of certain prescribed medication, to wit, hormone therapy drugs. The named defendants are all, purportedly, manufacturers of hormone therapy drugs, including Bristol-Meyers.

Bristol-Meyers contends that plaintiffs failed to serve such corporation within the 120 days allowed by Rule 4(m), Federal Rules of Civil Procedure, and never sought an extension of such time prior to service as provided in such rule. Further, Bristol-Meyers contends that when plaintiffs did attempt to serve them out of time, they failed to serve a summons along with the complaint. Finally, Bristol-Meyers contends that plaintiffs have failed to state a claim against it inasmuch as the plaintiffs have failed to allege that plaintiff was prescribed or ingested any hormone therapy drug it manufactured.

On November 19, 2004, plaintiffs filed the instant complaint. From the filing of such complaint, plaintiffs had 120 days - - until March 19, 2005 - - to serve the defendants they had named. On April 25, 2005, plaintiffs attempted to serve process by serving Bristol-Meyers registered agent for service of process in North Carolina, CT Corporation. Rather than serve a summons along with the complaint, plaintiffs requested that Bristol-Meyers waive service of a summons. Bristol-Meyers filed the instant Motion to Dismiss on May 16, 2005, making plaintiffs' response due not later than June 2, 2005.

II. **Standards Applicable to Motions to Dismiss**

   A. **Rules 12(b)(4)&(5)**

Where a motion to dismiss is filed based on insufficient process or insufficient service of process, affidavits and other materials outside the pleadings may be properly submitted

and considered.

> [T]he party on whose behalf service is made has the burden of establishing its validity when challenged; to do so, he must demonstrate that the procedure employed satisfied the requirements of the relevant portions of Rule 4 and any other applicable provision of law.

Light v. Wolf, 816 F.2d 746, 751 (D.C. Cir.1987) (internal quotations omitted). Where the procedural requirements of sufficient process and service of process are not satisfied, a court lacks power to assert personal jurisdiction over a defendant. Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 514 (D.C. Cir.2002). Inasmuch as the sufficiency of process and service of process concern the court's jurisdiction, consideration of materials outside the pleadings, such as affidavits, is appropriate. Dimet Proprietary, Limited v. Industrial Metal Protectives, 109 F.Supp. 472 (D. Del. 1952).

### B. Rule 12(b)(6) Standard

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6) where it is clear that no set of facts consistent with the allegations in the plaintiffs' complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001).

While the court accepts factual allegations in the complaint as true and considers the facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendants' motions, the court has accepted as true the facts alleged by plaintiff in the complaint and will view them in a light most favorable to plaintiff.

### C. Rule 41(b) Standard for Dismissal

Bristol-Meyers also seeks dismissal under Rule 41(b), Federal Rule of Civil Procedure, for failure to prosecute, and such rule provides for involuntarily dismissal of an action "[f]or failure of the plaintiff . . . to comply with rules or any order of court." The Court of Appeals for the Fourth Circuit has repeatedly noted that such involuntary dismissal with prejudice is a "harsh" result and must be employed with caution.

> We have noted that involuntary dismissal under Rule 41(b) "is such a harsh sanction ... [that] it should be resorted to only in extreme cases." McCargo v. Hedrick, 545 F.2d 393, 396 (4th Cir.1976) (quotation marks omitted). We thus require a district court to consider four factors when deciding whether to involuntarily dismiss an action for attorney misconduct. Id. First, the court must consider the "degree of personal responsibility on the part of the plaintiff." Id. Second, it must determine the "amount of prejudice to the defendant." Id. Third, it must look to the record to see if it indicates "a drawn out history of deliberately proceeding in a dilatory fashion." Id. Finally, the court must consider whether "sanctions less drastic than dismissal" will be

effective. Id.

Richardson v. Boddie-Noell Enterprises, Inc., 2003 WL 22429534, at 4 (4th Cir. 2003).[1] Further, the appellate court has instructed that the "test for dismissal pursuant to Rule 41(b) is similar to that for Rule 37," and that "before a dismissal a court must give a plaintiff a "clear and explicit" warning of the consequences of failing to satisfy the court's conditions and orders," and that "dismissal as a sanction is an extreme remedy to be used only when a party has displayed callous disregard to its obligations or exhibited very bad faith." Berry v. South Carolina Dept. of Social Services, 1997 WL 499950, at 6 (4th Cir. 1997).

**III.    Discussion**

    **A.    Summary Dismissal for Failure to Respond**

Review of the pleadings reveals that plaintiffs are represented by two members of the Bar of this court. As members of the Bar of the Western District of North Carolina, such attorneys are responsible for having read the Local Rules of practice. Finding that no response to Bristol-Meyers motions have been filed within the time provided, the undersigned will recommend that Bristol-Meyers motions to dismiss be granted and that such dismissal be without prejudice.

    **B.    Dismissal for Failure to Serve Timely and Sufficient Process**

Bristol-Meyers has alleged that process was served on it outside the time allowed and that such process was insufficient in that it failed to include a summons. Review of the court's docket entries reveals that this court issued a summons for Bristol-Meyer on November 19, 2004, at plaintiffs' request. Further review of the docket reveals that plaintiff has failed to file with this court proof of service upon Bristol-Meyers as required by Rule 4(l).

---

[1] Due to the limits of CM/ECF, copies of unpublished opinions are incorporated herein by reference to the Westlaw citation.

In this case, it is apparent not only from Bristol-Meyers motion but from the entries contained in the court's docket that plaintiffs have ignored the requirements of Rule 4. The requirement of timely and proper service of a complaint and summons are not mere formalities, but are the basis for this court's exercise of jurisdiction over the putative defendant. Where the procedural requirements of sufficient process and service of process are not satisfied, a court simply lacks power to assert personal jurisdiction over a defendant. Gorman v. Ameritrade Holding Corp., supra. The undersigned will, therefore, recommend that Bristol-Meyers Motion to Dismiss based upon Rules 4, 12(b)(4), and 12(b)(5), be granted, and that such specially appearing defendant be dismissed from this action without prejudice.

### C. Dismissal for Failure to State a Claim

Even if plaintiff had properly and timely served Bristol-Meyers, this action would be subject to dismissal inasmuch as the complaint fails to allege that plaintiffs ingested any medication manufactured by Bristol-Meyers. At paragraph 14 of her complaint, plaintiff Loetta J. Haigler alleges that she was "prescribed Defendants' products, including, but not limited to Prempro and/or medroxyprogesterone acetate . . . ." Plaintiffs fail to allege that she ingested ESTRACE, which is a hormone therapy medication manufactured by Bristol-Meyers, and the allegations of the complaint reveal that none of the medicines taken by Mrs. Haigler were manufactured by Bristol-Meyers. See Complaint, at ¶ ¶ 4-7, 9-12. The undersigned will, therefore, recommend that Bristol-Meyers motion to dismiss for failure to state a claim against it be allowed.

### D. Rule 41(b) Dismissal

As discussed above, the Court of Appeals for the Fourth Circuit has held that Rule 41(b) is a harsh remedy that should be utilized with great caution because it results in an involuntary dismissal on the merits for procedural missteps of counsel. The court need not

reach the substance of such motion inasmuch as Rule 41(b) applies to dismissal of "actions," not individual claims or parties. In Gahagan v. North Carolina Hwy. Patrol, 1:00cv52 (W.D.N.C. Oct. 25, 2000),[2] the district court held, as follows:

> Rule 41 . . . speaks only to the dismissal of "actions." Plaintiff does not seek, at this juncture, to dismiss the entire action; rather, as stated *supra*, he wishes to dismiss certain claims within this action . . . . Rather than a Rule 41 dismissal, the Plaintiff should seek to amend his complaint by meeting the requirements of Rule 15. "A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss under Rule 41(a)." *Moore's Federal Practice 3d, § 41,21[2]* (citing *Skinner v. First Am. Bank of Virginia*, 64 F.3d 659 (table), 1995 WL 507264 (4th Cir. 1995).

Id., at 3-4 (citations omitted). Just like Rule 41(a), Rule 41(b) does not appear to be the appropriate vehicle for dismissal of anything less than an entire action. In any event, there is no basis for conducting the four step test prescribed by the circuit inasmuch as the record contains no information as to whether the missteps of counsel should be attributed to the plaintiffs. The undersigned will, therefore, recommend that Bristol-Meyers Rule 41(b) motion to dismiss be denied.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant Bristol-Meyers Squibb Company's Motion to Dismiss for Failure to Effectuate Service Within 120 Days, Insufficiency of Process and Service of Process, for Failure to Prosecute, and for Failure to State a Claim Upon Which Relief Can be Granted (#3) be **SUMMARILY GRANTED WITHOUT PREJUDICE** for failure to comply with Local Rule 7.1 (B);

---

[2] Inasmuch as this court maintains only an electronic file, citation to such decision is by reference, with a copy of that decision being available through PACER.

**IT IS FURTHER RECOMMENDED** in the alternative that defendant Bristol-Meyers Squibb Company's Motion to Dismiss

(1) for Failure to Effectuate Service Within 120 Days be **ALLOWED**, and that all claims asserted against such defendant be **DISMISSED** without prejudice;

(2) for Insufficiency of Process and Service of Process be **ALLOWED**, and that all claims asserted against such defendant be **DISMISSED** without prejudice;

(3) for Failure to Prosecute be **DENIED;** and

(4) for Failure to State a Claim Upon Which Relief Can be Granted be **ALLOWED**, and that all claims asserted against such defendant be **DISMISSED** without prejudice.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

**Signed: July 5, 2005**

*Dennis E. Howell*

Dennis L. Howell
United States Magistrate Judge